**NOT FOR PUBLICATION**

DEC 07 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR MARTIN CORTES PIMENTEL; AUDALIA PATINO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-70633 <br><br> Agency Nos. A075-647-237 <br> A075-653-157 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Cesar Martin Cortes Pimentel and Audalia Patino, husband and wife and

natives and citizens of Mexico, petition pro se for review of the Board of

Immigration Appeals' order dismissing their appeal from an immigration judge's

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IH/Research

("IJ") decision denying their application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir. 2003).

Petitioners contend that the IJ violated due process by denying them an opportunity to fully present their case before a fair and neutral judge. Contrary to petitioners' contention, the proceedings were not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted). Moreover, petitioners failed to demonstrate that additional evidence or testimony may have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

Petitioners' contention that the agency violated their due process rights by disregarding their evidence of hardship is not supported by the record and does not amount to a colorable constitutional claim. *See Martinez-Rosas v. Gonzales*, 424

F.3d 926, 930 (9th Cir. 2005). The IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004-06 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**